```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHRISTOPHER J. FRANKO,
JONATHAN CAVALEA,

                    Plaintiffs,
                                                ORDER
          -against-                             10-CV-5449(JS)(WDW)

SUFFOLK COUNTY CORRECTIONAL FACILITY,
SUFFOLK COUNTY WATER AUTHORITY,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Christopher J. Franko, Pro Se
                    110 Center Drive
                    Riverhead, New York 11901

                    Jonathan Cavalea, Pro Se
                    8 Hyanis Court
                    Mount Sinai, New York 11766

For Defendants:     No appearances
```

SEYBERT, District Judge:

Presently pending before the Court are the applications of incarcerated pro se plaintiffs Christopher J. Franko ("Franko") and Jonathan Cavalea ("Cavalea", together "Plaintiffs") to proceed in forma pauperis. Plaintiffs filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that the water at the Suffolk County Correctional Facility is contaminated and is causing them and other inmates physical harm in violation of their Eighth Amendment right against the infliction of cruel and unusual punishment.[1] More specifically, Plaintiffs claim that the water

---

[1] According to the Complaint, Plaintiffs seek to bring this action on behalf of all inmates currently incarcerated in Suffolk County Correctional Facility. Given Plaintiffs' pro se status,

has caused them to experience "rashes", "dry, itchy skin", "water bumps", "pimples", "warts" and "blisters". (Compl. at ¶¶ IV and IV.A.). Plaintiffs also allege that they were denied medical treatment for these conditions, also in violation of the Eighth Amendment. The applications to proceed in forma pauperis are GRANTED. However, for the reasons that follow, the Complaint is sua spote dismissed with prejudice as against the Suffolk County Correctional Facility ("SCCF") and the Suffolk County Water Authority ("SCWA").

DISCUSSION

The Complaint must be dismissed because neither of the named defendants are entities that may be sued. Defendant SCCF and SCWA are not a proper defendants because, as administrative arms of Suffolk County, they lack the capacity to be sued. Wallace v. Suffolk County Corr. Facility, No. 09-CV-3685 (JS)(WDW), 2010 WL 2710629, at *3 (E.D.N.Y. July 2, 2010) (citing Hill v. U.S. Attorney's Office, No. 08-CV-1045(JS)(AKT), 2009 WL 2524914, at *2 (E.D.N.Y. Aug. 14, 2009) (citing Toomer v. County of Nassau, No. 07-CV-1495(JFB)(ETB), 2009 WL 1269946, at *1 n. 1). Accordingly, the Plaintiffs' claims against SCCF and SCWA are sua sponte DISMISSED WITH PREJUDICE. Ordinarily, the Court would simply substitute the municipality as the defendant and direct the Clerk

---

they cannot assert the rights of others in this action. See, e.g., Berrios v. N.Y. City Hous. Auth., 564 F.3d 130, 133 (2d Cir. 2009). Accordingly, insofar as the Complaint purports to allege claims on behalf individuals other than the named Plaintiffs, such claims are dismissed without prejudice.

of the Court to so amend the caption.  However, here there is a wrinkle.

By undated letter received by the Court on January 31, 2011, Franko advised the Court that

> I would like to now exclude myself from this complaint because I feel it is a frivilous [sic] matter and because within a few months I will be going to the state prison system and will no longer be in the Riverhead Facility. . . .  I sincerely apologize for bringing this up with my co-plaintiff Jonathan Cavelea.  I feel differently than he does and have no desire to prove or further myself in this matter. . . .  I have moved myself away from this issue and am formally requesting to be removed from this complaint."

(Franko Letter, rec'd by the Court on Jan. 31, 2011).  The request is GRANTED.

In addition, Cavalea has notified the Court by change of address form dated January 22, 2011 that he is no longer incarcerated and has provided the Court with his new residential address.  Given that Cavalea is no longer being subjected to the conditions complained of, it appears that his Complaint is moot.  Nevertheless, given his <u>pro se</u> status, Cavalea is directed to apprise the Court in writing within **thirty (30) days of the date that notice of entry of this Order is served upon him** whether he wishes to pursue this case and, if so, why his claims are not moot.

Should Cavalea choose to pursue this matter, he shall also file an Amended Complaint within **thirty (30) days of the date that notice of entry of this Order is served upon him** that limits

the allegations to those pertaining only to Cavalea and that names a proper defendant. Cavalea is further advised that should he wish to pursue a Section 1983 claim against a municipality, he must also allege three elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right. See Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008); Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). A plaintiff also has the burden of showing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989).

## CONCLUSION

Plaintiffs' motions to proceed in forma pauperis are GRANTED but the Complaint is sua sponte dismissed with prejudice as against defendants SCCF and SCWA. Franko's request to withdraw his Complaint is GRANTED. Cavalea shall apprise the Court in writing whether he intends to pursue this case, and if so why his claim is not moot. Should Cavalea choose to pursue this case, he shall also

file an Amended Complaint in accordance with this Order within **thirty (30) days of the date that notice of entry of this Order is served upon him.**

The Superintendent of the facility in which Franko is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with his authorizations in his in forma pauperis application. The agency holding Franko in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

Finally, the Clerk shall mail a copy of this Order to the Plaintiffs and their respective addresses as well to the Superintendent of the facility in which Franko is incarcerated.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:　　March  17 , 2010
　　　　　　Central Islip, New York